<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL</td></tr>
<tr>
<td><strong>KIMBERLY FAY CUPP MORENO<br>HILDA A. MORENO RAMIREZ</strong><br><br>Apelante<br><br>v.<br><br><strong>SANJEEV ARYAN KAILA<br>LADY BUG PR LLC.</strong><br><br>Apelado</td>
<td align="center">TA2025AP00017</td>
<td><strong><em>APELACIÓN</em></strong><br>procedente del<br>Tribunal de Primera<br>Instancia de <strong>Carolina</strong><br><br>Caso Número:<br>CAL1402025-3824<br><br>Sobre:<br><br><strong>LEY 140</strong></td>
</tr>
</table>

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 22 de agosto de 2025.

Comparecen ante nos las apelantes, Hilda Moreno Ramírez de Arellano, en adelante, Moreno Ramírez y Kimberly Fay Cupp Moreno, en adelante, Cupp Moreno, solicitando que revisemos la *"Resolución"* emitida el 22 de abril de 2025 y notificada el 29 de abril de 2025 por el Tribunal de Primera Instancia, Sala Municipal de Carolina, en adelante, TPI-Carolina. En la misma, el Foro Apelado declaró *"Con Lugar"* la solicitud de desestimación presentada por Ladybug PR, LLC, en adelante, Ladybug o apelada.

Por los fundamentos que expondremos a continuación, *desestimamos* el caso de epígrafe.

## I.

El 26 de febrero de 2025, Moreno Ramírez y Cupp Moreno presentaron una querella al amparo de la Ley sobre Controversias y Estados Provisionales de Derecho, Ley Número 140 de 23 de julio de 1974, 32 LPRA sec. 2871 et seq., contra Ladybug.[1] Durante las

---

[1] Apéndice del recurso, Anejo 1.

semanas entrantes se presentaron múltiples mociones y solicitudes respecto a la querella que no ameritan nuestra reseña.

Sin embargo, el 17 de marzo de 2025, Ladybug presentó *una "Moción en Solicitud de Desestimación"*.[2] El 28 de marzo de 2025, las apelantes se opusieron a la misma.[3] Posteriormente, el 29 de abril de 2025, el TPI-Carolina notificó una *"Resolución"* en la que expuso que la Sala Municipal en donde se presentó la querella no tiene jurisdicción sobre la materia, y que la acción en cuestión debe ser presentada ante la Sala Superior.[4] Moreno Ramírez y Cupp Moreno nos indican que la notificación de esta determinación fue depositada en el correo el 30 de abril de 2025.

Inconforme, el 14 de mayo de 2025, las apelantes solicitaron reconsideración.[5] Según Moreno Ramírez y Cupp Moreno, la solicitud de reconsideración fue radicada el 14 de mayo de 2025, con ciertas deficiencias, por entender que el plazo vencía en esta fecha. Sin embargo, a través de otra moción radicada el 15 de mayo de 2025, estas arguyeron que calcularon equivocadamente el término para la reconsideración, por lo que peticionaron que se les permitiera radicar nuevamente la reconsideración en o antes del 19 de mayo de 2025.[6]

Por su parte, ese mismo día, el 15 de mayo de 2025, el TPI-Carolina declaró *"No Ha Lugar"* la solicitud de reconsideración del 14 de mayo de 2025.[7] Además, también declaró *"No Ha Lugar"* la solicitud de las apelantes para descartar la primera solicitud de reconsideración, con el fin de radicar otra.[8] No obstante, a lo dispuesto por el TPI-Carolina el 19 de mayo de 2025, las apelantes

---

[2] Apéndice del recurso, Anejo 12.
[3] *Id.*, Anejo 14.
[4] *Id.*, Anejo 23.
[5] *Id.*, Anejo 27. **Esta moción nunca fue notificada a la parte apelada.**
[6] *Id.,* Anejo 28.
[7] *Id.*, Anejo 29. De este anejo surge que el Foro Primario envió por correo esta determinación el 17 de mayo de 2025.
[8] *Id.*, Anejo 30.

radicaron una segunda moción de reconsideración.[9] La misma fue notificada a Ladybug, mediante correo ordinario el mismo día.[10]

El 20 de mayo de 2025, las apelantes radicaron otra moción ante el Foro Primario en la que anejaron una documentación pertinente a la moción de reconsideración del día anterior.[11] Con relación a esta última moción para presentar evidencia, el TPI-Carolina emitió una notificación el 29 de mayo de 2025, en la que dispuso que "[e]l Tribunal emitió resolución de No Ha Lugar a la Querella Original Presentada".[12]

Así las cosas, el 16 de junio de 2025, Moreno Ramírez y Cupp Moreno, presentaron ante esta Curia un escrito de apelación en el que señalaron cinco (5) errores.[13] En síntesis, aducen que el TPI-Carolina se equivocó al declararse sin jurisdicción sobre la materia, y desestimar sus causas de acción.

Por su parte, la apelada presentó ante nos una *"Moción en Solicitud de Desestimación de la Apelación por Falta de Jurisdicción"* el 23 de junio de 2025. Aduce que la reconsideración de las apelantes no fue oportuna, por lo que no interrumpió el término para recurrir en apelación ante este Foro. Mediante *"Resolución"* del 26 de junio de 2025, concedimos a las apelantes hasta el 30 de junio de 2025 para expresarse sobre la moción de desestimación de Ladybug. El 27 de junio de 2025, recibimos la posición de las apelantes.

Luego de varios asuntos aclaratorios, y mociones informativas, el recurso quedó perfeccionado, por lo que procedemos a expresarnos.

---

[9] *Id.*, Anejo 31.
[10] *Id.*, Anejo 33.
[11] *Id.*, Anejo 33.
[12] *Id.*, Anejo 34.
[13] El Artículo 5 de la Ley sobre Controversias y Estados Provisionales de Derecho, Ley Núm. 140 de 23 de julio de 1974, 32 LPRA sec. 2875, dispone que "[u]na orden resolviendo una controversia y fijando un estado provisional de derecho, según esta ley, será inapelable". (Énfasis suplido). Sin embargo, en el presente caso no se estableció un estado provisional de derecho, sino que se desestimó la querella por falta de jurisdicción.

**II.**

### A. Apelación

Las Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V. *et seq.* se desenvuelven en un orden lógico, natural y armonioso entre sí. Este orden queda demostrado en las distintas etapas de un litigio, entiéndase las alegaciones, mociones, descubrimiento, vista evidenciaria, sentencia, reconsideración, apelación, y sus efectos escalonados. Cada etapa se sirve de la anterior y se proyecta, entonces, para la próxima. *Vega v. Alicea*, 145 DPR 236, 238 (1998).

La etapa de la apelación se perfecciona con la presentación oportuna de un escrito conforme a las formalidades establecidas en nuestro estado de derecho, que incluye su debida notificación a las partes. El recurso de apelación es aquel que se presenta ante un foro de mayor jerarquía cuando se solicita la revisión de una sentencia, o un dictamen final, emitido por el Foro de Primera Instancia. Regla 52.1 y 52.2 de Procedimiento Civil, 32 LPRA, Ap. VIII, R. 52; *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 214 DPR ___ (2024); *González Pagán v. SLG Moret-Brunet*, 202 DPR 1062, 1070-1071 (2019). Véase, además, R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta Ed., San Juan, Ed. Lexis Nexis, 2017, pág. 519.

Otra de nuestras responsabilidades al evaluar un recurso de apelación, es determinar si ostentamos jurisdicción sobre el mismo. La apelación no es un recurso discrecional como en los casos de *certiorari*. Una vez se cumpla con los requisitos jurisdiccionales y de perfeccionamiento del recurso, el Tribunal de Apelaciones viene obligado a atender el asunto y resolverlo en sus méritos, de forma fundamentada. *Soc. de Gananciales v. García Robles*, 142 DPR 241, 252 (1997). En ese sentido, se reconoce que existe el derecho estatutario para acudir en apelación ante el Tribunal de Apelaciones, cuestionando toda sentencia final emitida por el

Tribunal de Primera Instancia. *Silva Barreto v. Tejada Martell*, 199 DPR 311, 317 (2017); Regla 13(A) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 22, 215 DPR ___ (2025); Art. 4.006(a) Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, 4 LPRA sec. 24y.

La jurisdicción de un Tribunal consiste en la autoridad o facultad que tiene para atender y adjudicar una controversia. *Freire Ruiz et al. v. Morales, Hernández,* supra; *Mun. Aguada v. W. Const. y Recovery Finance,* 2024 TSPR 69, 214 DPR ___ (2024); *R&B Power Inc. v. Junta de Subasta ASG,* 213 DPR 685, 698 (2024); *Matos, Sostre v. Registradora,* 213 DPR 348, 354 (2023); *FCPR v. ELA et al.*, 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018); *Shell v. Srio. Hacienda,* 187 DPR 109, 122 (2012). Los asuntos relevantes a la jurisdicción requieren prontitud y preferencia en su manejo. *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *Horizon v. Jta. Revisora, RA Holdings,* 191 DPR 228, 233–234 (2014); *Muns. Aguada y Aguadilla v. JCA,* 190 DPR 122, 131 (2014); *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012). Por eso, es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción, pues no tienen discreción para asumir jurisdicción allí donde no la tienen. *Mun. Aguada v. W. Const. y Recovery Finance,* supra, pág. 698; *Peerless Oil v. Hnos. Torres Pérez*, supra, pág. 250, citando a *SLG. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

Por su severidad y las graves repercusiones que redundan para el promovente de una causa de acción, la desestimación de un recurso apelativo constituye una sanción de último recurso. *Salinas v. S.L.G. Alonso,* 160 DPR 647, 656 (2003). Por ello, cuando el foro intermedio pretende aplicar dicho mecanismo a un recurso sometido

a su consideración, debe ponderar su proceder y cerciorarse de que el incumplimiento del apelante ha constituido un impedimento real para el ejercicio efectivo de su función revisora.

***La falta de jurisdicción es un defecto que no puede ser subsanado.*** *Freire Ruiz et al. v. Morales, Hernández, supra*; *Lozada Sánchez et al. v. JCA.*, 184 DPR 898, 909 (2012). Nuestro Alto Foro ha expresado que, ante la ausencia de jurisdicción, la única vía en derecho es así declararlo y desestimar el caso. *Mun. Aguada v. W. Const. y Recovery Finance*, supra; *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003).

Relativo al caso de autos, la Regla 83 del Reglamento del Tribunal de Apelaciones, supra, pág. 109, dispone que:

> [...]
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> 1. ***que el Tribunal de Apelaciones carece de jurisdicción;***
> 2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> 3. que no se ha presentado o proseguido con diligencia o buena fe;
> 4. que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
> 5. que el recurso se ha convertido en académico.
> (C) El Tribunal de Apelaciones, ***a iniciativa propia***, podrá desestimar un recurso de apelación, o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.
> [...]
>
> *Freire Ruiz de Val y otros v. Morales Román*, supra. (Énfasis suplido).

Es por esto, que las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse de manera rigurosa. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

Ahora bien, los términos para la presentación o notificación de recursos apelativos pueden ser jurisdiccionales o de estricto cumplimiento. Los términos jurisdiccionales son fatales, pues no pueden ser prorrogados o extendidos, no importando las consecuencias procesales. *Rosario Domínguez et als. v. E.L.A,* 198 DPR 197, 208 (2017). A *contrario sensu,* los términos de estricto cumplimiento pueden ser prorrogados o extendidos si existe justa causa para la dilación, y la misma es debidamente demostrada y acreditada ante el Tribunal. *Div. Empleados Públicos UGT v. CEMPR,* 212 DPR 742, 751 (2023); *Rivera Marcucci et al v. Suiza Dairy,* 196 DPR 157, 171 (2016); *Soto Pino v. Uno Radio Group*, supra, pág. 92.

Es decir, los términos jurisdiccionales que no se cumplen en el término prescrito por ley, y los términos de estricto cumplimiento que no se observan sin justa causa, privan de jurisdicción al Tribunal que los atiende.

Un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Id. Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, motu proprio, un recurso prematuro o tardío por carecer de jurisdicción. Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, supra, págs. 109-110.

En el caso de los recursos presentados ante el Tribunal de Apelaciones, que provengan de sentencias civiles, el término para recurrir es de carácter jurisdiccional. A esos efectos, expone el Reglamento de este Foro lo siguiente:

Las apelaciones contra las sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán **dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia**.

Regla 13 del Reglamento del Tribunal de Apelaciones, supra, pág. 22.
(Énfasis nuestro).

### B. Reconsideración

Es harto conocido que los foros judiciales tienen la facultad de reexaminar o reconsiderar sus dictámenes, siempre que ostenten la jurisdicción sobre el caso. *Div. Empleados Públicos UGT v. CEMPR*, supra, pág. 748; *Pueblo v. Rivera Ortiz*, 209 DPR 402, 422-423 (2022); *Pueblo v. Silva Colón*, 184 DPR 759, 778 (2012).

El mecanismo procesal de la moción de reconsideración fue introducido en nuestra jurisdicción en el 1937, mediante el Código de Enjuiciamiento Civil de 1904. Ley Núm. 67 de 8 mayo de 1937, la cual enmendó el Art. 292 del Código de Enjuiciamiento Civil, 32 LPRA ant. sec. 1251. El propósito de este mecanismo es permitirles a los tribunales rectificar cualquier error cometido en sus determinaciones. *Div. Empleados Públicos UGT v. CEMPR*, supra, pág. 748; *Mun. Rincón v. Velázquez Muñiz y otros*, 192 DPR 989, 995 (2015); *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 7 (2014); *Interior Developers v. Mun. de San Juan*, 177 DPR 693, 701 (2009); *Lagares v. E.L.A.*, 144 DPR 601, 612 (1997). La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales. *Rivera Marcucci et al. v. Suiza Dairy*, supra, págs. 166-167.

La Regla 47 de Procedimiento Civil, supra, es la disposición estatutaria que regula esta función judicial. Con relación a las solicitudes de reconsideración, la precitada Regla dispone lo siguiente:

La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, **dentro del término jurisdiccional de quince (15) días** desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.

[...]

Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

[...]

La moción de reconsideración se notificará **a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea**. El término para notificar será de **cumplimiento estricto**.

Id. (Énfasis suplido).

Los procesos de revisión ante los Tribunales deben seguir el orden establecido por las Reglas de Procedimiento Civil, supra. La parte afectada en una sentencia puede apelarla ante el Tribunal de Apelaciones, como también puede presentar ante el foro originario una reconsideración.

La Regla en cuestión dispone que, una vez presentada la reconsideración ante el Tribunal de Primera Instancia, los demás términos para recurrir quedan interrumpidos. *Div. Empleados Públicos UGT v. CEMPR*, supra, pág. 749; *Marrero Rodríguez v. Colón Burgos*, 201 DPR 330, 337-338 (2018). Los términos para recurrir a un foro superior, en estos casos, comienzan a cursar cuando el Tribunal de Primera Instancia archive en autos copia de la

notificación de la resolución en la que resuelva la reconsideración. *Id.*

Por ser relevante al caso de marras, es importante señalar que, nuestras Reglas de Procedimiento Civil, supra, atienden los asuntos relevantes al cómputo de los términos. Específicamente, la Regla 68.3 de Procedimiento Civil, supra, dispone lo siguiente:

> Siempre que una parte tenga derecho a realizar, o se le requiera para que realice algún acto dentro de determinado plazo después de habérsele notificado un aviso u otro escrito, y el aviso o escrito le sea notificado por correo, se añadirán tres (3) días al período prescrito, ***salvo que no será aplicable a los términos que sean contados a partir del archivo en autos de copia de la notificación de la sentencia.***
>
> Los términos que se computen a partir del archivo en autos de copia de la notificación de una sentencia, resolución u orden ***comenzarán a transcurrir a partir del depósito en el correo de la notificación del dictamen,*** cuando esta fecha sea distinta a la de su archivo en autos.
>
> (Énfasis nuestro).

**III.**

Las apelantes recurren ante esta Curia para que revisemos la *"Resolución"* del TPI-Carolina que desestimó la demanda presentada por estas, contra Ladybug. En su escrito, hacen varios señalamientos de error que, en esencia, apuntan a que el Foro Apelado sí tiene jurisdicción sobre la materia de sus causas de acción, por lo que no procedía en derecho la desestimación. Sin embargo, y como a continuación explicaremos, nos vemos impedidos de entrar en los méritos de este asunto en ausencia de jurisdicción para ello.

Según reseñado anteriormente, es parte de nuestro deber como foro revisor, evaluar nuestra jurisdicción sobre los recursos ante nuestra consideración. En el ejercicio de ello, solicitamos a ambas partes que se expresaran, y así nos colocaran en posición, para evaluar la solicitud de desestimación que nos presentó la

apelada. Evaluados los planteamientos en derecho de ambas partes, *concluimos que a Ladybug le asiste la razón.*

El término jurisdiccional para recurrir en apelación es de treinta (30) días. Sin embargo, una solicitud de reconsideración ante el foro de origen, presentada de manera oportuna, tiene el efecto de interrumpir este término. No obstante, para ello, la parte interesada deberá presentar su petición de reconsideración dentro de los quince (15) días luego del archivo en autos de la copia de la notificación del dictamen.

En el caso de autos, el TPI-Carolina archivó en autos copia de la notificación de su *"Resolución"* del 29 de abril de 2025. Las apelantes sostienen que el dictamen en cuestión fue enviado por correo el 30 de abril de 2025. Sin embargo, *no obra en el expediente prueba de ello.*[14] Al evaluar el término que tenían las apelantes para presentar su moción de reconsideración de manera oportuna, *nos vemos obligados a concluir que esta fecha era el 14 de mayo de 2025.* Aún si el dictamen hubiese sido enviado, en efecto, el 30 de abril de 2025 por correo, el término para la petición de reconsideración vencía el 15 de mayo de 2025.

Sin embargo, lo cierto es que las apelantes presentaron una solicitud de reconsideración el 14 de mayo de 2025 *la cual no notificaron a la parte apelada.* Como explicamos anteriormente, la notificación a la otra parte de una moción de reconsideración es de estricto cumplimiento. Las apelantes no ofrecieron justa causa para ello. Por esta razón, no podemos concluir que esta solicitud interrumpió el término para apelar la *"Resolución"* del 29 de abril de 2025.

---

[14] Cabe resaltar que, como parte del apéndice, surgen copias del depósito en el correo de otras resoluciones del Foro Primario. Sin embargo, con relación al dictamen apelado, no surge evidencia del envío por correo, solo el archivo en autos de su notificación.

Por otro lado, Moreno Ramírez y Cupp Moreno aducen que el término para peticionar una reconsideración, a la luz de lo dispuesto en la Regla 68.3 de Procedimiento Civil, supra, vencía el 19 de mayo de 2025. *No le asiste la razón.* La referida Regla dispone que cuando un tribunal ordene una acción dentro de un plazo específico, y la notificación de ello se remita por correo, el recipiente tiene tres (3) días adicionales. Sin embargo, la misma explica de manera textual y libre de ambigüedades que esta extensión no aplica a los términos que sean contados a partir del archivo en autos de la copia de la notificación de órdenes, resoluciones o sentencias. El dictamen apelado es una *"Resolución"*, cuyos términos para solicitar su reconsideración o apelación comienzan a correr, una vez copia de la misma sea archivada en autos. Conforme lo dispone la Regla en cuestión, cuando un dictamen de esta naturaleza sea notificado por correo, los términos para impugnar o recurrir de ella comienzan a cursar con el archivo en autos de la copia de su notificación o del depósito en el correo, si son fechas distintas. Por todo lo cual, la extensión de tres (3) días que contempla el precitado estatuto no es de aplicación al asunto de marras.

Aún si las apelantes estuviesen correctas en su apreciación de la Regla 68.3 de Procedimiento Civil, supra, lo cierto es que estas solicitaron permiso para presentar una *segunda* moción de reconsideración, a lo cual el Foro Apelado dispuso *"No Ha Lugar"*. No obstante, estas presentaron una segunda moción de reconsideración, el 19 de mayo de 2025. Con relación a esta última, las apelantes le notificaron a la apelada. Antes de que el Foro Primario pudiese expresar algo, Moreno Ramírez y Cupp Moreno radicaron otra moción al día siguiente para presentar una documentación. Con relación a esta última moción del 20 de mayo de 2025, el TPI-Carolina reiteró el dictamen del 29 de abril de 2025.

En cuanto a la segunda moción de reconsideración radicada insubordinadamente, nada dispuso el Foro Apelado.

Evaluados los escenarios y los términos jurisdiccionales y de estricto cumplimiento que matizan el caso de autos, concluimos que no tenemos jurisdicción sobre el mismo. Esto, ya que los términos para apelar no fueron interrumpidos en o antes del *14 de mayo de 2025*. Las apelantes **no** notificaron a Ladybug sobre su solicitud de reconsideración original, y no ofrecieron justa causa para ello. Por estar fuera del término jurisdiccional de quince (15) días la segunda petición de reconsideración, esta también resultó inoficiosa e inoportuna.

Por todo lo cual, el término jurisdiccional de treinta (30) días para apelar ante este Foro venció el 29 de mayo de 2025. Llegado el recurso de epígrafe ante esta Curia el 23 de junio de 2025, no estamos facultados para resolver en sus méritos esta apelación.

**IV.**

Por los fundamentos antes esbozados, *desestimamos este recurso por falta de jurisdicción por tardío.*

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones